IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| TYERONE DAVON STEPHENS, <br><br> Plaintiff, <br><br> v. <br><br> JOHN MOORE, <br><br> Defendant. | CIVIL ACTION NO.: 5:20-cv-63 |

### REPORT AND RECOMMENDATION

This matter is before the Court on the United States Marshals Service's Unexecuted Returns as to Defendant Moore. Docs. 15, 19, 20. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendant Moore and **DIRECT** the Clerk of Court to close this case and enter the appropriate judgment.

### BACKGROUND

On November 12, 2020, this Court ordered service of Plaintiff's Complaint upon Defendant Moore and advised Defendant Moore of his duty to avoid unnecessary costs when service is executed. Doc. 14. The Court noted a defendant "who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver." Id. at 6 (citing Fed. R. Civ. P. 4(d)(2)). The United States Marshals Service initially sent the service waiver to Defendant Moore on November 12, 2020, doc. 14-2, and the certified mail card was not returned. The waiver request was returned as unexecuted on December 14, 2020, and was filed on December 18, 2020. Doc. 15.

The Court ordered the United States Marshals Service to personally serve Defendant

Moore with a copy of the November 12, 2020 and January 15, 2021 Orders within 30 days of the January 15, 2021 Order, if practicable.  Doc. 16 at 1.  Plaintiff was also directed to provide additional information as to the whereabouts of Defendant Moore to assist the Marshals Service, but Plaintiff did not respond to the Court's Order.  Id. at 2.  The Marshals Service was unable to personally serve Defendant Moore.  The Marshals Service signed the Return, dated February 10, 2021, with the notation: "No longer employed by the Georgia Department of Corrections."  Doc. 19.  This Return was filed on August 9, 2021.

The Court then ordered the Marshals Service to contact the Georgia Department of Corrections and the Office of the Attorney General for the State of Georgia to attempt to determine Defendant Moore's whereabouts.  Doc. 18.  Additionally, the Court warned Plaintiff, if the Marshals Service was unable to located Defendant after contacting the Georgia Department of Corrections and the Attorney General, his claims against Defendant would be subject to dismissal.  Id. at 1–2.  On October 13, 2021, the United States Marshals Service submitted a Process Receipt and Return certifying it was unable to locate Defendant Moore, as it had not been able to obtain additional information.  Doc. 20.  On October 27, 2021, the Court ordered Plaintiff to either provide information on Defendant's whereabouts or notify the Court he has no further information within 21 days of this Order.  Doc. 21.  The Court again warned Plaintiff if he failed to provide this information or respond to the Court's October 27, 2021 Order, his claims against Defendant Moore would be dismissed.  Id. at 2.  To date, Plaintiff has not responded to the Court's Order, and the time do so has expired.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure, which addresses the time limit for service, provides:

2

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Courts assist inmate-plaintiffs—because they are confined and typically indigent—in effecting Rule 4 service. See, e.g., Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) ("*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part."). However, the Court ordinarily does not have an obligation to assist an inmate in effecting service beyond "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff." Simmons v. Prison Health Servs. Inc., No. CV408-239, 2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009); see also Smith v. Belle, 321 F. App'x 838, 845 (11th Cir. 2009) (failure of prisoner proceeding *in forma pauperis* in § 1983 action to provide current address for defendant so that process could be served, despite being warned that failure to do so would result in dismissal, warranted dismissal of the prisoner's claims against defendant for lack of service of process); Salas v. Tillman, 162 F. App'x 918, 923 (11th Cir. 2006) (pro se *in forma pauperis* prisoner was not entitled to a continuance so that service could be completed on corrections officers in his civil rights claim, where prisoner was aware of his failure to provide service but made no attempt to remedy the service problem).

However, Plaintiff ultimately has the responsibility for serving Defendant Moore. And while Plaintiff has not entirely ignored this obligation to provide an address where Defendant Moore might be served, it appears Defendant Moore is no longer employed by the Georgia Department of Corrections and cannot be located at any other address known by Plaintiff or the United States Marshals Service. Because these efforts continue to be unsuccessful, Plaintiff's

claims against Defendant Moore are due to be dismissed.  See Brown v. Davis, 656 F. App'x 920, 921 (11th Cir. 2016) (finding district court did not abuse its discretion in dismissing prisoner's § 1983 claim against an officer for lack of service where officer no longer resided at the address provided by the prisoner, prisoner did not remedy the service, and prisoner was on notice the officer had not been served for three years); see also Penton v. Nunez, No. 2:11-CV-0518, 2014 WL 4244013, at *2 (E.D. Cal. Aug. 26, 2014) (dismissing case after inability to locate and serve defendant at address provided by deputy attorney general); Williams v. Hodges, No. CIV.A H 08-2082, 2010 WL 518776, at *5 (S.D. Tex. Jan. 31, 2010) (dismissing case "because the United States Marshal has been unable to complete service of process based on the information provided by the plaintiff and the State Attorney General's Office.").

## CONCLUSION

For the reasons discussed above, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendant Moore and **DIRECT** the Clerk of Court to close this case and enter the appropriate judgment.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of December, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA